UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIM MARIE AMACK, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>YOUNG WILLIAMS PC, SHAWNEE )<br>COUNTY, KS DISTRICT COURT, et al., )<br>)<br>Defendants. ) | Case No. 21-4054-TC-TJJ |

## REPORT AND RECOMMENDATION

Plaintiff Kim Marie Amack, proceeding pro se, has filed a civil action identifying Young Williams, the Shawnee County District Court, and several court employees as Defendants. Plaintiff claims she has been falsely charged child support for more than twenty years and alleges a judge will not hear her case.

In conjunction with the filing of her Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The Court granted that motion but ordered that service of the summons and Complaint be withheld pending review of whether Plaintiff's Complaint states a claim upon which relief may be granted.

The *in forma pauperis* statute requires that the court dismiss the case at any time if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[1]

---

[1] 28 U.S.C. § 1915(e)(2)(B).

1

The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[2]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[3] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[4] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[5]

In making this analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[6] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

---

[2] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citation and internal quotation marks omitted).

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[4] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citation and internal quotation marks omitted).

[5] *Id.* (citation omitted).

[6] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006) (citation omitted).

construction, or his unfamiliarity with pleading requirements."[7] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[8] *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[9]

Plaintiff's Complaint faces many problems. The first is jurisdictional.[10] Although Plaintiff alleges diversity jurisdiction, she also alleges that both she and Defendants are citizens of Kansas. Because, according to Plaintiff's Complaint, the parties are citizens of the same state, they are not diverse for purposes of federal jurisdiction.[11]

Plaintiff also marked the box to indicate that the case arises out of the violation of civil rights under 28 U.S.C. § 1343. Section 1343 provides in relevant part that district courts have original jurisdiction over civil actions brought to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens."[12] But Plaintiff's allegations fall short of alleging a violation of any constitutional or federal statutory right. Rather, it appears she claims to be aggrieved by the

---

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[9] *Hall*, 935 F.2d at 1108.

[10] The Court may raise subjection matter jurisdiction *sua sponte*, even if this case were not being reviewed under § 1915(e)(2)(B). *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'") (citation omitted).

[11] 28 U.S.C. § 1332(a)(1).

collection of child support under state law.

Moreover, it appears that Plaintiff wants this Court to review state court decisions about child support. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court.[13] Only the United States Supreme Court has jurisdiction to review such decisions.[14] The law does not allow Plaintiff to ignore state court procedures and remedies and collaterally attack state court rulings by filing a case in federal district court. In addition, the case likely is further barred by the doctrine of abstention if the state court proceedings are ongoing.[15]

And finally, Plaintiff's Complaint is largely devoid of any factual allegations supporting her claims. The entirety of Plaintiff's Statement of Claim reads: "Been falsely charged child support for 20+ years denied to have Judge hear my case. False Court dates filed, unserved summons and court dates."[16] These allegations are conclusory and do not provide Defendants with adequate notice of the claims against them.[17] In federal court, a complaint must contain

---

[12] 28 U.S.C. § 1343(a)(3).

[13] *Mounkes v. Conklin*, 922 F. Supp. 1501, 1508–10 (D. Kan. 1996) (explaining the doctrine, which stems from the holdings in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)).

[14] 28 U.S.C. § 1257; *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

[15] *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1356–58 (D. Kan. 1994) (citing *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny).

[16] ECF No. 1 at 3.

[17] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247–50 (10th Cir. 2008) (stating that a complaint must allege facts that "raise a right to relief above the speculative level," must suffice to "nudge[ ] [the] claims across the line from conceivable to plausible," and must "make clear exactly *who* is alleged to have done *what* to *whom*" (citation and internal quotation marks omitted)); *Hall*, 935 F.2d at 1110

sufficient facts that, if assumed true, state a facially-plausible claim[18]—something that Plaintiff's threadbare allegations do not accomplish.

Plaintiff's allegations are insufficient. Without supporting facts, it is impossible for this Court to determine that Plaintiff has a plausible claim against Defendants.[19] Indeed, Plaintiff has not even offered the Court enough facts to determine whether it would be futile to amend. Moreover, it is unlikely that amendment could cure the jurisdictional defects identified above.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's Complaint and this case be **DISMISSED** for lack of jurisdiction and failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

## NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiff is hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If Plaintiff does not timely file objections, no court will allow appellate review.

---

(explaining "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can based" and specifying that a plaintiff must provide adequate facts for the court to "determine whether he makes out a claim").

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[19] *See Iqbal*, 556 U.S. at 678.

A copy of this Report and Recommendation shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated September 20, 2021, at Kansas City, Kansas.

                                                  Teresa J. James
                                                  U.S. Magistrate Judge