**In the United States District Court
for the District of Kansas**

---

Case No. 5:21-cv-04054-TC-TJJ

---

KIM MARIE AMACK,

*Plaintiff*

v.

YOUNG WILLIAMS PC, ET AL.,

*Defendants*

---

# ORDER ADOPTING REPORT & RECOMMENDATION

Magistrate Judge Teresa J. James issued a Report and Recommendation that Plaintiff Kim Marie Amack's claims against Young Williams, the Shawnee County District Court, and several court employees be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under 12(b)(6), without leave to amend. Doc. 5 at 3–5. The R&R allowed Amack 14 days after service to file any objections. Doc. 5 at 5. Amack timely filed an objection, Doc. 6, and subsequently filed a Motion to Appoint Counsel, Doc. 7, and a motion for order (titled "Motion to Dismiss and Reimburse"), Doc. 8. For the following reasons, Amack's objection is overruled, and her motions are denied as moot.

Objections to a magistrate judge's recommended disposition must be "both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. Where a party fails to make a proper objection, district courts have discretion to review the recommendation under any standard they deem appropriate.

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

Amack's objection, even liberally construed, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), identifies no error within Judge James's Report and Recommendation. It focuses on Amack's view of the merits of her case and the inequity of her situation—essentially repeating the same arguments that the R&R found lacking—but it does not identify any mistakes of fact or errors of law in the R&R. Most importantly, it does not identify any legitimate basis for federal jurisdiction. For instance, Amack once again contends that she and one of the defendants are both citizens of the State of Kansas. Doc. 6 at 1-2. This precludes jurisdiction under 28 U.S.C. § 1332. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967). And invoking a criminal statute, Doc. 6 at 4–5, does not cure Amack's failure to establish jurisdiction for an alleged civil rights violation, *see* Doc. 5 at 3–4, because 18 U.S.C. § 242 is a criminal statute that creates no civil remedy or private right of action, *see, e.g.*, *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009).

IT IS THEREFORE ORDERED that Amack's Objection to the Report and Recommendation, Doc. 6, is overruled. The Report and Recommendation, Doc. 5, is adopted in its entirety. Accordingly, this action is dismissed. Plaintiff's motion for appointment of counsel, Doc. 7, and motion for order, Doc. 8, are denied as moot.

IT IS SO ORDERED.

Date:  February 3, 2022        s/ Toby Crouse

                                                Toby Crouse
                                                United States District Judge